IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA LEE WALLACH LORRETZ,

      Plaintiff,                       No. 2:12-cv-1796 MCE CKD PS

      vs.

JEWISH FEDERATION (ALL),

      Defendant.                      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

1   To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff's one-page handwritten complaint alleges that she is an "orthodox Jewish naturopathic, Penn Foster College associate degree veterinary technician large farm animals student and a (CDL) student and a master gardener student and married to an orthodox Jewish retired International Union of Operating Engineers." [sic] Plaintiff claims that defendant, the "Jewish Federation (All)," uses its money to deliberately harm Jewish people, and that it harmed her, her brother, her parents, and her grandparents in unspecified ways. She alleges that she drinks goat milk and that no one has taught her Hebrew or prayers. (See Dkt. No. 1.) On the civil cover sheet, plaintiff indicates that she invokes the court's federal question jurisdiction and designates the U.S. civil statute under which she is suing as "using common

1  sense the right to life liberty pursuit of happiness, freedoms of religion, arms, speech."  In the
2  "brief description of cause" section of the civil cover sheet, she states that "Jewish Federation is
3  anti-Jewish, creates medical and legal malpractice, violates my civil rights using force and
4  fraud."  Plaintiff seeks relief in the form of $12 billion in damages and an order from the court to
5  "shut them down."  (See Dkt. No. 1-1.)

6  On their face, plaintiff's allegations are so bizarre and implausible that they are
7  wholly insubstantial and cannot invoke this court's subject matter jurisdiction.  See O'Brien v.
8  U.S. Department of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995); Best v. Kelly, 39 F.3d 328,
9  330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)
10  warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be
11  absolutely devoid of merit"); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th
12  Cir. 1985) (holding that under the substantiality doctrine, the district court lacks subject matter
13  jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this
14  Court or otherwise completely devoid of merit as not to involve a federal controversy").  Even
15  though plaintiff in conclusory fashion asserts that her complaint invokes the court's federal
16  question jurisdiction, her fanciful and implausible allegations fail to state in a comprehensible
17  manner how any of her federal rights were violated.

18  Moreover, to the extent that plaintiff may be attempting to state a claim under 42
19  U.S.C. § 1983, it seems readily apparent that the "Jewish Federation (All)"[1] is not a state actor
20  and plaintiff has provided no facts indicating that it was somehow acting under color of state law.
21  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Karim-Panahi v. Los

---

[1] According to her complaint, plaintiff does not sue a particular geographical unit of the organization, but instead the "Jewish Federation (All)."  For background purposes only, according to their website, "The Jewish Federations of North America (JFNA) represents 155 Jewish Federations & over 300 independent Jewish communities.  The Federation movement, collectively among the top 10 charities on the continent, protects and enhances the well-being of Jews worldwide through the values of *tikkun olam* (repairing the world), *tzedakah* (charity and social justice) and *Torah* (Jewish learning)."  See http://www.jewishfederations.org/.

Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988); Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002) ("A § 1983 plaintiff therefore must show that a defendant's actions are 'fairly attributable' to the government").

While the court would ordinarily permit a pro se plaintiff to amend, plaintiff's patently frivolous and implausible allegations compel the conclusion that amendment of the complaint here would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). For these reasons, the court will recommend that this action be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED.

2. The action be DISMISSED WITH PREJUDICE; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Lorretz.1796.ifp-fr.wpd