IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA LEE WALLACH LORRETZ

   Plaintiff,       No. 2:12-cv-1796 MCE CKD PS

  vs.

JEWISH FEDERATION (ALL),

   Defendant.      ORDER

_____/

   This action was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 16, 2012, the court issued findings and recommendations recommending denial of plaintiff's request to proceed in forma pauperis and dismissal of the action with prejudice. (Dkt. No. 3.) On July 30, 2012, plaintiff filed a notice indicating that the "Southern District Federal Court recommended that [she] should hire an attorney instead of continuing pro se." (Dkt. No. 5.) The court broadly construes plaintiff's filing as a request for the appointment of counsel.

   The United States Supreme Court has ruled that district courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent persons in civil cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell

1

v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017.

In the present case, the court does not find the required exceptional circumstances. For the reasons outlined in the court's July 16, 2012 findings and recommendations (dkt. no. 3), plaintiff's claims are patently frivolous and implausible, if not somewhat delusional. Furthermore, any difficulties plaintiff may encounter with proceeding pro se are not related to the complexity of any legal claims. To the contrary, her claims are wholly insubstantial and cannot invoke this court's subject matter jurisdiction. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's notice (dkt. no. 5), construed as a request for the appointment of counsel, is DENIED.

Dated: August 1, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Lorretz.1796.counsel.wpd